IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAUN D. JUSTICE, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3172-S-BN |
| | § | |
| PSI-INTERTEK, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shaun D. Justice, Sr. brings this *pro se* sex discrimination action against his employer. *See* Dkt. No. 3. And his case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

After Justice paid the $400.00 filing fee, the Court entered an order on November 23, 2020, informing him that by doing so, he

assumed the responsibility to properly serve each defendant with a summons and a complaint in accordance with Federal Rule of Civil Procedure 4. *See* FED. R. CIV. P. 4(h) (setting forth procedures for serving a corporation, partnership, or association); *see also* FED. R. CIV. P. 4(d) (regarding a defendant's waiving service).

Justice must therefore properly serve each defendant and, as to each defendant, file a proof of service with the Court in accordance with Rule 4(*l*) or obtain a waiver of service (and file that with the Court).

The Court further advises Justice that, if proper service is not made – and shown to the Court through a filed proof of service or a filed waiver of service – before the 90th day after his filing of this action on October 19, 2020 that is not a Saturday, Sunday, or legal holiday – which, here, will be Tuesday, January 19, 2021 – this case is subject to dismissal without prejudice unless he shows both (1) good cause for his

failure to timely and properly effect service and (2) good cause for the Court to extend the time for service for an appropriate period. *See* FED. R. CIV. P. 4(m); FED. R. CIV. P. 6(a)(1)(C); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Dkt. No. 8 (emphasis omitted).

On December 23, 2020, Justice filed as proofs of service a receipt from FedEx Office for FedEx Priority Overnight delivery and a certified mail receipt from the United States Postal Service and requested that the Court review this evidence "for default judgment [against the defendant] for failure to respond." Dkt. No. 9.

To the extent that Justice moves for default judgment, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny his request.

## Legal Standards and Analysis

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See, e.g.*, 50 App. U.S.C. § 521; FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs

when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

The [United States Court of Appeals for the] Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). This policy, however, is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

When making a determination as to whether or not to enter a default judgment, district courts are to consider the following factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party. *See id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013).

First, Justice's neither requesting nor obtaining entry of default against the defendant is reason alone to deny his request for default judgment. *Cf. Lewis v. Morehouse Det. Ctr.*, Civ. A. No. 09-0332, 2010 WL 2360720, at *1 (W.D. La. Apr. 30,

- 3 -

2010) ("Having set aside the Clerk's entry of default against the individual defendants, plaintiff now lacks the requisite foundation for a default judgment against them."), *rec. adopted*, 2010 WL 2360669 (W.D. La. June 9, 2010).

But, because Justice has undertaken the responsibility to properly serve the defendant in a timely manner, the Court should examine the means that he has so far employed, as proper service is a prerequisite to obtaining either default or default judgment, since "a defendant can not make an appearance for purposes of Rule 55(b)(2) until after the plaintiff effects service and the defendant becomes susceptible to default." *Rogers*, 167 F.3d at 937. In sum, then, "[u]ntil [a defendant] is properly served," the plaintiff "cannot obtain a default judgment." *Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per curiam) (citations omitted); *see, e.g.*, *Richardson v. Avery*, No. 3:16-cv-2631-M-BH, 2016 WL 7803155, at *2 (N.D. Tex. Dec. 22, 2016) ("The docket does not reflect that compliance with the requirements of Rule 4 for service of process. Until he has been properly served, 'the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment.' Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void." (quoting *Rogers*, 167 F.3d at 937; citations and footnote omitted)), *rec. accepted*, 2017 WL 213056 (N.D. Tex. Jan. 17, 2017).

Justice's use of certified mail implies that he has attempted to perfect service

under Texas law, *see* FED. R. CIV. P. 4(e)(1); FED. R. CIV. P. 4(h)(1)(A), which provides for service by registered or certified mail, with return receipt requested, *compare Gilliam v. Cnty. of Tarrant*, 94 F. App'x 230, 230 (5th Cir. 2004) (per curiam) ("the use of certified mail is not sufficient to constitute 'delivering' under Rule 4" (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993))), *with* TEX. R. CIV. P. 106(a)(2) ("Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."); *see also Caceres-Mejia v. Watson*, 718 F. App'x 307, 309 (5th Cir. 2018) (per curiam) ("Service by mail is not expressly permitted by Federal Rule of Civil Procedure 4; however, an individual may be served by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.'" (quoting FED. R. CIV. P. 4(e)(1))); *Cross v. Grand Prairie*, No. 3:96-cv-446-P, 1998 WL 133143, at *6 (N.D. Tex. Mar. 17, 1998) ("Although Rule 4(e)(1) authorizes service pursuant to Texas law, absent prior authorization by the trial court, the only methods of service permitted in Texas are service in person or by registered mail." (citing TEX. R. CIV. P. 106(a))).

As to persons authorized to serve process under Texas law, Texas Rule of Civil Procedure 103 provides "that a sheriff, a constable, or any person authorized by law

or by written order of the court not less than 18 years of age may serve any process, '[b]ut *no person who is a party* to or interested in the outcome of the suit may serve any process in that suit.'" *Blanton-Bey v. Carrell*, No. H-09-3697, 2010 WL 1337740, at *2 (S.D. Tex. Mar. 26, 2010) (quoting TEX. R. CIV. P. 103; emphasis added by the court in *Blanton-Bey*); *see also Lucky v. Haynes*, No. 3:12-cv-2609-B, 2013 WL 3054032, at *2 (N.D. Tex. June 18, 2013) ("Upon amendment of the relevant [Texas] rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail." (citations omitted)).

Texas law also requires that particular information be included in the return of service, such as the address served and the date of service or attempted service, *see* TEX. R. CIV. P. 107(b), and "when certified mail has been selected as the method of service, Texas law further requires that the return receipt be signed by the addressee," *Lucky*, 2013 WL 3054032, at *3 (citing TEX. R. CIV. P. 107(c); *Keeton v. Carrasco,* 53 S.W.3d 13, 19 (Tex. App. – San Antonio 2001, pet. denied)).

The evidence that Justice has included does not reflect that service was proper under Texas law. For example, there is no evidence that service was attempted by an authorized person, and such a deficiency means that the defendant has not made "an appearance for purposes of Rule 55(b)(2)" and is currently not "susceptible to default." *Rogers*, 167 F.3d at 937.

In sum, based on his failure to prove proper service and his not first obtaining entry of default, to the extent that Justice now seeks entry of default judgment, his request should be denied.

## Recommendation

The Court should deny Plaintiff Shaun D. Justice, Sr.'s construed motion for entry of default judgment [Dkt. No. 9] and again caution him that, if proper service is not shown to the Court by January 19, 2021, this case is subject to dismissal without prejudice unless he makes the requisite showings of good cause.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 29, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE