IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAUN D. JUSTICE, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3172-S-BN |
| | § | |
| PSI-INTERTEK, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
<u>MOTION FOR LEAVE TO AMEND COMPLAINT</u>**

Plaintiff Shaun D. Justice, Sr. brings this *pro se* sex discrimination action against his employer. *See* Dkt. No. 3. His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge. And, because Justice paid the $400.00 filing fee, the Court previously cautioned him that he must properly prove service as to the defendant or that the defendant has waived service by January 19, 2021 to avoid dismissal under Federal Rule of Civil Procedure 4(m). *See* Dkt. Nos. 8 & 10.

Justice now moves for leave to amend his original complaint (filed October 19, 2020). *See* Dkt. No. 11. While he has not attached as an exhibit to his paper motion a copy of the proposed amended complaint, as required by the Court's rules, *see* N.D. TEX. L. CIV. R. 15.1(a), the substance of the motion for leave appears to reflect his amended allegations. And, given his *pro se* status, the Court will treat the motion itself as the proposed amended complaint.

Where neither Federal Rule of Civil Procedure 15(a)(1) allows for leave to amend as a matter of course nor a court-imposed deadline by which to amend has expired, *see* FED. R. CIV. P. 16(b)(4); *Shepherd v. City of Shreveport*, 920 F.3d 278, 287-88 (5th Cir. 2019),

> [l]eave to amend must be "freely given when justice so requires." FED. R. CIV. P. 15(a). "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (internal quotations omitted). Similarly, "[a] district court may deny a proposed amendment for futility – meaning the amended complaint would fail to state a claim upon which relief could be granted." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)).

*Petty v. Great West Cas. Co.*, 738 F. App'x 414, 414-15 (5th Cir. 2019) (per curiam) (citation modified); *see also Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) ("When an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,' it is not an abuse of discretion to deny the motion'" for leave to amend. (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))); *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) ("Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' Rule 15(a) provides that leave to amend shall be 'freely' given 'when justice so requires.' '[T]he language of this rule "evinces a bias in favor of granting leave to amend."' Granting leave to amend, however, is not

required if the plaintiff has already pleaded her 'best case.' A plaintiff has pleaded her best case after she is 'apprised of the insufficiency' of her complaint. A plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court. Similarly, a district court need not grant a futile motion to amend. 'Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted.'" (citations omitted)).

There is no substantial reason to deny Justice leave to amend his complaint under Rule 15(a)(2). The Court therefore GRANTS his motion and DIRECTS the Clerk of Court to docket Dkt. No. 11 as the Amended Complaint.

But, as the defendant has neither appeared nor defaulted, Federal Rule of Civil Procedure 4's service requirements apply to the Amended Complaint. And Justice must properly serve the Amended Complaint on the defendant by the deadline imposed by the Court and by Rule 4(m): **January 19, 2021**. *Cf. U.S. Bank Nat'l Ass'n v. Harris*, No. 4:16-CV-00498-ALM-CAN, 2018 WL 4677809, at *1 (E.D. Tex. Mar. 14, 2018) (collecting cases, including *Netzch Premier Techs. v. Puhler Feinmahltechnick GmbH*, No. 1:16-cv-781-WTL-MPB, 2016 WL 6573886, at *2 n.2 (S.D. Ind. Nov. 7, 2016) ("The Fifth Circuit has held that a party who has not appeared but is not yet in default must be served additional pleadings in accordance with Rule 4." (citing, in

turn, *Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985) ("We find no authority directly on point, but we agree with the Norfolk & Western's suggestion that Rule 5(a) service is proper only after a party has appeared in an action."); 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1146 (4th ed.) ("[I]t is clear that amended or supplemental pleadings must be served on parties who have not yet appeared in the action in conformity with Rule 4.")))), *rec. adopted*, 2018 WL 4677800 (E.D. Tex. Apr. 4, 2018).

SO ORDERED.

DATED: January 4, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE