IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAUN D. JUSTICE, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3172-S-BN |
| | § | |
| PSI-INTERTEK, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shaun D. Justice, Sr. brings this *pro se* sex discrimination action against his employer, Defendant PSI-Intertek (Intertek). And his case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

On January 4, 2021, the Court granted Justice's motion for leave to file an amended complaint but advised him that, "as the defendant has neither appeared nor defaulted, Federal Rule of Civil Procedure 4's service requirements apply to the Amended Complaint" and that he "must properly serve the Amended Complaint on the defendant by the deadline imposed by the Court and by Rule 4(m): January 19, 2021." Dkt. No. 14 at 3 (citation and emphasis omitted).

As to the Amended Complaint, Justice filed a verified Affidavit of Service providing that, on January 11, 2021, an individual identified as Maria Guzman served the amended complaint on Robert Hill, identified as Intertek's Manager of

Human Resources. *See* Dkt. No. 15.

Justice then moved for default judgment against Intertek on January 21, 2021, asserting that Intertek has failed to appear. *See* Dkt. Nos. 16 & 17.

This motion seems based on service of Justice's original complaint, which Ms. Guzman verifies was served on Mr. Hill on December 30, 2020. *See* Dkt. No. 3. But, as the Court has explained to Justice, because he amended his complaint prior to Intertek appearing, he was required to serve the amended complaint – the operative complaint; that is, the only one that counts – on Intertek under Rule 4. *See generally* Dkt. No. 14.

And, even if Intertek was properly served with the operative complaint on January 11, 2021, its deadline to answer had not passed by the time that Justice moved for default judgment on January 21. *See* FED. R. CIV. P. 12(a)(1)(A)(i) ("Unless another time is specified by this rule or a federal statute, … [a] defendant must serve an answer … within 21 days after being served with the summons and complaint….").

Further, Intertek has now moved to dismiss Justice's claims, although this motion seems to address the original complaint, not the amended complaint. *See, e.g.*, Dkt. No. 18 at 4 (addressing "Plaintiff's one-paragraph, handwritten complaint"). Regardless, "[a]cts that show an intent to defend have frequently prevented a default even though not connected to any particular rule." FED. R. CIV. P. 55 advisory committee's note, 2007 Amendments, Subdivision (a); *see, e.g.*, *Landrith v. Gariglietti*,

505 F. App'x 701, 703 (10th Cir. 2012) ("a § 1915(e) motion is effectively treated as a 12(b) motion and, accordingly, as an effort to 'otherwise defend' under the default judgment rule" (quoting FED. R. CIV. P. 55(a))); *Ross v. Creative Image Techs., LLC*, No. 3:13-CV-3, 2013 WL 2404234, at *2 (W.D. Ky. May 31, 2013) ("Simply put, by filing a motion to stay this proceeding, [defendants] showed a desire to contest the action. Entering a default against them would thus be inappropriate." (citation omitted)).

The Court should therefore deny Justice's most recent motion for default judgment.

**Recommendation**

The Court should deny Plaintiff Shaun D. Justice, Sr.'s motion for default judgment [Dkt. No. 17].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 3, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE