IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAUN D. JUSTICE, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3172-S-BN |
| | § | |
| PSI-INTERTEK, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shaun D. Justice, Sr. brings this *pro se* Title VII action against his employer, Defendant PSI-Intertek (Intertek), specifying claims of sexual harassment in the workplace as a form of sex discrimination under Title VII; race discrimination in violation of Title VII; and (possibly) violation of the Republic Act 7877: Anti-Sexual Harassment Act of 1995, which appears to be a law of the Philippines. *See* Dkt. Nos. 3, 11. The presiding United States district judge referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The Court granted Justice's motion for leave to file an amended complaint. *See* Dkt. Nos. 11, 14. Intertek moved to dismiss Justice's claims under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 23. Justice responded. *See* Dkt. No. 26. And Intertek replied. *See* Dkt. No. 29.

**Applicable Background**

The facts that Justice alleges to support his claimed violations as amended are:

- On September 2, 2020, while clocking out, Justice was greeted with a

hand slap on his rear end by supervisor Aaron Pulpanek. Justice then asked what his problem was and Pulpanek responded by saying "you didn't like it." Justice replied "no."

- Justice then instructed Pulpanek to follow him to Jason Allen, the head supervisor's office. Allen filed the sexual harassment complaint with the company HR department.

- An investigation was then conducted by Bob Hill, the human resources manager, which ended on January 9, 2020 and found that the contact was not initiated based on any protected characteristics and ceased immediately once discomfort was expressed.

## Legal Standards

In deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555; *see also Sewell*, 974 F.3d at 582 ("Although this

framework is one-sided, the issue 'is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims.' The other side will have its say later." (quoting *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *vacated on other grounds*, 113 F.3d 1412 (5th Cir. 1997))).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all factual allegations a plaintiff makes as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

And a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* Instead, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends supports entitlement to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities*, 920 F.2d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient ....'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "transform the district court from its legitimate advisory role to the

improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113

F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [his] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g.*, *Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

## Analysis

I. Justice has not alleged a plausible Title VII claim of sexual harassment in the workplace as a form of sex discrimination claim.

Title VII "forbids sexual harassment in the workplace as a form of sex discrimination." *Newbury v. City of Windcrest, Tex.*, 991 F.3d 672, 675 (5th Cir. 2021) (citing *Matherne v. Ruba Mgmt.*, 624 F. App'x 835, 838-39 (5th Cir. 2015) (per curiam)). "There are two types of sexual harassment under Title VII: *quid-pro-quo* and hostile-environment harassment." *Id.* at 675-76 (citing *Casiano v. AT&T Corp.*, 213 F.3d 278, 283 (5th Cir. 2000)).

Justice alleges only the latter because he does not allege to have suffered a tangible employment action, *see Russell v. Univ. of Tex. of Permian Basin*, 234 F. App'x 195, 201 (5th Cir. 2007) (per curiam) (citing *Casiano*, 213 F.3d at 283) – that is, that he suffered "a significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits," *id.* (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)).

Where a harassment claim arises out of a supervisor's conduct, four elements constitute "a hostile working environment claim: (1) that the employee belongs to a protected class; (2) that the employee was subject to unwelcome sexual harassment; (3) that the harassment was based on a protected characteristic; and (4) that the harassment affected a 'term, condition, or privilege' of employment." *E.E.O.C. v. Boh Bros. Constr. Co.*, 731 F.3d 444, 453 (5th Cir. 2013) (en banc) (cleaned up; quoting *Lauderdale v. Tex. Dep't of Criminal Justice*, 512 F.3d 157, 162-63 (5th Cir. 2007)).

Accordingly, these four elements, in combination, form a prima facie case for hostile work environment under Title VII. *See, e.g.*, *Heath v. Elaasar*, 763 F. App'x 351, 352-53 (5th Cir. 2019) (per curiam).

Plaintiffs need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). But they must "plead sufficient facts on all of the ultimate elements of [each] claim to make [that claim] plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) ("*Raj* [ ] does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)).

So, at this stage, the Court must ask whether Justice has provided enough facts to allege an actionable claim of hostile work environment based on harassment alleged against a supervisor. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). And, if he "has not pled such facts," it is "proper[ to] dismiss [this claim in his] complaint." *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Focusing on the fourth prima-facie element, "[t]o affect a term, condition, or privilege of employment, the harassing conduct 'must be sufficiently severe or

pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Boh Bros.*, 731 F.3d at 453 (cleaned up; quoting *Aryain v. Wal-Mart Stores of Tex., L.P.*, 534 F.3d 473, 479 (5th Cir. 2008)). Courts in this circuit apply "an objective 'reasonable person' standard to evaluate severity and pervasiveness." *Id.* (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998)). And, "[u]ltimately, whether an environment is hostile or abusive depends on the totality of circumstances." *Id.* (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).[1]

The one-time incident cited by Justice – his being greeted with a hand slap on his rear end by his supervisor – fails to state that the alleged harassment affected a term, condition, or privilege of Justice's employment. Thus, Justice has not plausibly alleged a claim of hostile work environment. *Cf., e.g., Jones v. Divercare Afton Oaks, L.L.C.*, Civ. A. No. H-13-592, 2014 WL 2739299, at *3 (S.D. Tex. June 17, 2014) ("Jones's hostile work environment claim fails in this case because he cannot establish that the harassment was severe or pervasive. The harassment Jones complains of involves one incident where a female colleague slapped him on the rear

---

[1] *See also Russell*, 234 F. App'x at 205 ("Sexual harassment affects a term, condition, or privilege of employment when it is 'severe or pervasive.' Furthermore, '[i]n order to be actionable under Title VII, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.' Whether a work environment meets this standard 'depends on "all the circumstances," including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" (quoting *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 482 (5th Cir. 2002))).

end twice. The Fifth Circuit considered a similar incident and determined that a newspaper slap to the rear end amounted to simple teasing, which did not affect the terms and conditions of employment. *Hockman v. Westward Commc'ns, L.L.C.*, 407 F.3d 317, 328 (5th Cir. 2004). Like *Hockman*, Whitfield's conduct towards Jones was an isolated incident that amounted to simple teasing, and did not unreasonably interfere with his working conditions.").

In addition, insofar as Justice alleges same-sex sexual harassment, he also must provide facts to plausibly show that "the alleged conduct was sex discrimination." *Newbury*, 991 F.3d at 676 (quoting *Boh Bros.*, 731 F.3d at 453). But the Court need not consider this additional requirement for the reasons showing that Justice has not plausibly alleged a hostile work environment. *Cf. id.* ("In same-sex sexual-harassment cases, [courts in this circuit] conduct a two-step inquiry," the first of which is to "'consider whether the alleged conduct was sex discrimination.'" (citing then quoting *Boh Bros.*, 731 F.3d at 453)).

The Court should now dismiss this claim with prejudice. "Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile – *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)) – or where a

plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

Justice has already amended his claims. And, based on the above discussion, the undersigned finds that he has stated his best case of sex discrimination based on the alleged encounter. That said, the time to file objections to these findings, conclusions, and recommendation (further explained below) allows Justice an opportunity to explain how he would cure the deficiencies outlined above and thus show the Court that this claim should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend this claim. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants

to the substance of their proposed amendment').").

II. Justice has not exhausted administrative remedies as his Title VII race discrimination claim.

> Before a plaintiff can file a suit in federal court alleging employment discrimination under Title VII, he must exhaust his administrative remedies. He exhausts those remedies by filing "a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." "Exhaustion occurs when [a] plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." The filing of an EEOC charge "'is a precondition to filing suit in district court.'"

*Reed v. Fas Pac Store*, No. 7:18-cv-164-O-BP, 2020 WL 853908, at *3 (N.D. Tex. Feb. 4, 2020) (citations omitted), *rec. accepted*, 2020 WL 833419 (N.D. Tex. Feb. 20, 2020).

> "The purpose of this exhaustion doctrine is to facilitate the administrative agency's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." Administrative exhaustion is important because it provides an opportunity for voluntary compliance before a civil action is instituted. For this reason, Title VII requires administrative exhaustion.

*Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2019) (quoting *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012)), *aff'd*, 139 S. Ct. 1843.

But "[t]hese 'restrictions are not jurisdictional limitations on [a federal court's] ability to hear the case; rather they are 'claim-processing rules, which "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times."'" *Cotton v. Russell*, 830 F. App'x 145, 147 (5th Cir. 2020) (per curiam) (quoting *Davis v. Fort Bend Cnty.*, 139 S. Ct. 1843, 1849 (2019) (quoting, in turn, *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011))).

Here, Intertek moves to dismiss the race discrimination claim arguing that Justice only checked the box pertaining to sex discrimination in his EEOC charge and

that he failed to make any allegations pertaining to race-based discrimination in the charge, *see* Dkt. No. 23 at 8-10, in which Justice only alleged that, "[o]n 01/02/2020, Aaron Pulpaneck (Supervisor) slapped me on my but while I was clocking out to leave work. I reported this incident to Jason Allen (Manager)"; that, [o]n 01/10/2020, Robert Hill informed me via email that concluded the investigation and findings suggested that Aaron Pulpaneck behavior did not rise to the level sexual harassment"; that "Aaron Pulpaneck stated to Jason Allen that his way of speaking and he does it to other guys in the office"; and that "I believe that I was discriminated against because of my sex (Male) sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended." Dkt. No. 3 at 2.

> In determining whether a plaintiff has exhausted a particular claim, "the scope of an EEOC complaint should be construed liberally." *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)). "On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Id.* (quoting *Pacheco*, 448 F.3d at 788-89). "To balance these considerations, [courts in this circuit interpret ']what is properly embraced in review of a Title[ ] VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.' " *Id.* (internal quotation marks omitted) (quoting *Pacheco*, 448 F.3d at 789). "[Court should] engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Id.* (quoting *Pacheco*, 448 F.3d at 789).

*Jennings v. Tower Watson*, 11 F.4th 335, 342 (5th Cir. 2021) (citation modified).

Even applying this liberal consideration to Justice's charge, no facts stated therein (all excerpted above) would cause the EEOC to investigate a claim of race

discrimination. But, before the Court can examine the charge, it must determine whether it may consider it as part of the pleadings under Rule 12(b)(6).

Administrative exhaustion is an affirmative defense that "should be pleaded," *Davis*, 893 F.3d at 307. And, "[t]o obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the successful affirmative defense must appear clearly on the face of the pleadings." *Taylor v. Lear Corp.*, No. 3:16-cv-3341-D, 2017 WL 6209031, at *2 (N.D. Tex. Dec. 8, 2017) (cleaned up; citations omitted). "In other words, [Intertek is] not entitled to dismissal under Rule 12(b)(6) based on [this] affirmative defense unless [Justice] has pleaded [himself] out of court by admitting to all of the elements of the defense." *Id.*

The charge was attached to the original complaint. So it became part of that pleading for all purposes, trumping any contradictory allegations made in that complaint. *See, e.g.*, *Gill*, 941 F.3d at 511; *Rogers*, 660 F. App'x at 285 n.6.

Generally, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect <u>unless</u> the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) ("Because the plaintiffs' amended complaint in this case neither makes reference to nor adopts any portion of the original complaint, jurisdiction must be judged solely on the allegations of the amended complaint."); emphasis added).

Indeed, "[t]he Federal Rules of Civil Procedure specifically allow for incorporation by reference in supplemental pleadings. Rule 10(c) reads: 'Statements

in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion.'" *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006) (citing *King*, 31 F.3d at 346). But a body of persuasive authority indicates "that such incorporation must be done 'with a degree of specificity and clarity which would enable the responding party to easily determine the nature and extent of the incorporation.'" *Id.* (quoting *Wolfe v. Charter Forest Behavioral Health Sys., Inc.*, 185 F.R.D. 225, 228-29 (W.D. La. 1999); citing 5 CHARLES ALLAN WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROCEDURE: CIVIL 2d § 1326 ("[R]eferences to prior allegations must be direct and explicit in order to enable the responding party to ascertain the nature and extent of the incorporation."); citations omitted).

Here, Justice made the original complaint (and thus the charge attached to it) part of the amended complaint by specifically referring to and adopting the original complaint in his amended filing. *See* Dkt. No. 11 at 1, 3 ("Mr. Justice filed a complaint for sex discrimination … and would like for the previous complaint to be revised due to not having a demand in place I would like to restate my complaint…. By the Federal Rules and Procedures Mr. Justice would like for this to be added … to the file case."). And this incorporation was clear to Intertek since it relied on the original complaint [Dkt. No. 3] and the amended/supplemental complaint [Dkt. No. 11] throughout the motion to dismiss.

The undersigned therefore finds that, by including the EEOC charge in his complaint as amended or supplemented, Justice has admitted all the elements to show that he failed to exhaust his claim of race discrimination and that this claim

should be dismissed without prejudice. *See Story v. Gibson*, 896 F.3d 693, 698 n.2 (5th Cir. 2018) ("When a district court dismisses a claim for failure to exhaust under Federal Rule of Civil Procedure 12(b)(6), the dismissal is without prejudice so that a plaintiff may return to court after he has exhausted his administrative remedies." (citing *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004))).

III. Justice's claim under the Violation of Republic Act 7877: Anti-Sexual Harassment Act of 1995 should be dismissed.

Justice also may intend to bring a claim under a law of the Philippines through a reference to "Republic Act 7877: Anti-Sexual Harassment Act of 1995." Dkt. No. 11 at 2. But, insofar as this Court has jurisdiction over a claim under the law of the Philippines – and Justice's employer in the United States can be held accountable under the civil laws of this foreign country – Justice does not allege, as to this claim, facts unique from the facts discussed above. The undersigned therefore finds that this claim should be dismissed for the reasons supporting dismissal of the Title VII sex discrimination claim but without prejudice to Justice's ability to bring the claim in the Philippines or other proper forum, if possible.

## Recommendation

The Court should grant Intertek's motion to dismiss [Dkt. No. 23] insofar as it should dismiss Plaintiff Shaun Justice's Title VII sex discrimination claim with prejudice, dismiss his unexhausted Title VII race discrimination claim without prejudice, and dismiss any claim under the law of the Philippines without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 15, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE